testified that, at the time of trial, he had regained most of the movement in his arm. Dr. Baker testified at trial that plaintiff had sustained a bruised arm, a muscle strain in his left shoulder, and a possible stretching of nerve tissues leading from the neck to the shoulder. Dr. Baker stated that, when he examined plaintiff in March, 1979, he noted "some weakness" in plaintiff's arm muscles, but found him to be "functioning in all areas." At a subsequent examination in April, 1979, Dr. Baker noted that plaintiff had a full range of motion. The jury returned a verdict for plaintiff in the amount of $125,000. Defendants moved pursuant to CPLR 4404 to set aside the verdict on the ground that plaintiff did not sustain a "serious injury" within the meaning of subdivision 4 of section 671 of the Insurance Law and that the verdict was excessive. The court granted defendants' motion to set aside the verdict as excessive unless plaintiff, within 30 days, agreed to accept $30,000 in full satisfaction of his judgment. Defendants' motion was otherwise denied. A person who is injured as the result of the negligent operation of a motor vehicle may not recover for noneconomic loss except in the case of a "serious injury" (Insurance Law, § 673, subd 1). A "serious injury" is defined as "a personal injury which results in * * * significant limitation of use of a body function or system" (Insurance Law, § 671, subd 4). " '[S]ignificant' as used in the statute pertaining to 'limitation of use of a body function or system' should be construed to mean something more than a minor limitation of use * * * a minor, mild or slight limitation of use should be classified as insignificant within the meaning of the statute" (*Licari v Elliott,* 57 NY2d 230, 236). The threshold question of whether plaintiff has made out a prima facie case of serious injury should be decided by the court (*Licari v Elliott, supra,* p 238). In *Licari,* the court held that, based upon the evidence presented, particularly plaintiff's failure to offer any evidence of the extent of the limitation of his injuries, plaintiff's injury did not constitute a significant limitation of use of a body function or system, and hence was not "serious" within the meaning of subdivision 4 of section 671 of the Insurance Law. The facts of this case are analogous to those in *Licari.* Plaintiff failed to present any evidence of the extent of the limitation of his injuries; Dr. Baker's testimony that plaintiff had a full range of motion in April, 1979 actually refutes any claim that plaintiff's injuries significantly limited the use of his arm and shoulder. Plaintiff failed to prove that he sustained a "serious injury" and, consequently, I would reverse the order denying defendants' motion to set aside the verdict. (Appeals from order of Supreme Court, Onondaga County, Aloi, J. — set aside verdict.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.

■ JAMES C. THRALL, JR., Respondent, v CITY OF SYRACUSE et al., Appellants. (Appeal No. 2.) — Judgment unanimously vacated. (Appeal from judgment of Supreme Court, Onondaga County, Aloi, J. — negligence.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.

■ JAMES C. THRALL, JR., Respondent, v CITY OF SYRACUSE et al., Appellants. (Appeal No. 3.) — Order affirmed, without costs. Concur — Hancock, Jr., J. P., Callahan, Denman and Green, JJ.
   Moule, J., dissents and votes to dismiss the appeal as moot. (Appeal from order of Supreme Court, Onondaga County, Aloi, J. — *ad damnum* clause — bill of particulars.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.

■ JOSHUA R. SANTOLA, an Infant, by His Mother, TERRY SANTOLA, et al., Respondents, v HENRY EISENBERG, Appellant. — Judgment unanimously affirmed, with costs. Memorandum: In his appeal from a judgment after a jury trial in a malpractice case, defendant obstetrician contends, among other